IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HSL FILLY SHIPPING LIMITED; and, FLEET MANAGEMENT LIMITED | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | C.A. No. 4:22-CV-00066 Admiralty - FED. R. CIV. P. 9(h) |
| VOPAK TERMINAL—DEER PARK, INC. | § § | |
| *Defendant*. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, HSL Filly Shipping Limited and Fleet Management Limited, file their Original Complaint against Defendant, Vopak Terminal—Deer Park, Inc., and respectfully show as follows:

## JURISDICTION AND VENUE

1. This Court has admiralty jurisdiction under 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Alternatively, this Court has jurisdiction under 28 U.S.C. § 1332(a)(2). Plaintiffs are entities organized under the laws of foreign states; Defendant has its principal place of business in Texas; and, the matter in controversy exceeds $75,000.00.

2. Venue is proper within this District in accordance with 28 U.S.C. 1391(b)(1)-(2) as Defendant's principal place of business is in this district and a substantial part of the events or omissions giving rise to this claim occurred within this District.

23,465♦2PLLC1113

## PARTIES AND SERVICE OF SUMMONS

3.  Plaintiff, HSL Filly Shipping Limited ("HSL"), is an entity organized under the laws of a foreign country. At all materials times, HSL was the registered owner of the *M/T Fairchem Filly* (IMO No. 9323077), which is a Marshall Islands-flagged, 11,638 gross tons, chemical/oil tanker.

4.  Plaintiff, Fleet Management Limited ("Fleet"), is an entity organized under the laws of a foreign country. At all materials times, Fleet was the operator of the *M/T Fairchem Filly*.

5.  Defendant, Vopak Terminal—Deer Park, Inc. ("Vopak"), is a corporation organized and existing under the laws of the State of Delaware and with its registered office in Texas. Vopak may be served with process via its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

## FACTS

6.  On or about May 30, 2019, the *M/T Fairchem Filly* called at Vopak Terminal—Deer Park, Dock No. 5, in the Port of Houston to discharge—among other cargo—a parcel of Hexene. Because oxygen negatively affects the purity of Hexene, it is transferred under a "blanket" or "pad" of inert gas; in this case, nitrogen.

7.  Prior to discharge, a Ship/Shore Safety Checklist was completed by vessel and terminal personnel. In multiple sections on the checklist, Vopak indicated that it would apply nitrogen to the vessel at a "blanket" or "blanketing" pressure during the ship's discharge operation.

8.  Also prior to discharge, vessel and terminal personnel completed a Declaration of Inspection. There again, it was noted that nitrogen would be supplied by the terminal at blanket

pressure. Contrary to Vopak's policies and procedures, Vopak failed to provide the *M/T Fairchem Filly* with its Nitrogen Supply Acknowledgement Form, which would have informed the vessel of the terminal's pressure for delivering nitrogen for purge and blanketing operations.

9.      At about 0738 on May 30, 2019, the low inert gas pressure alarms for the vessel's 3P and 3S cargo tanks sounded, which indicated that the nitrogen blanket was being depleted. Over the next several minutes, the *M/T Fairchem Filly*'s chief officer made numerous unsuccessful attempts to reach Vopak's Person-in-Charge ("PIC") regarding the shore-supplied nitrogen. Ultimately, Vopak provided nitrogen to the vessel at a much higher purging pressure level as opposed to the agreed upon blanketing pressure. As a result, *M/T Fairchem Filly*'s cargo tanks 3P and 3S became over-pressurized. There was a rupture of the 3P tank, a release of hexene into the adjacent ballast tank, and the release of ballast water onto the vessel's deck. Both the vessel and Vopak closed their respective valves and cargo operations ceased.

10.     The over-pressurization event resulted in physical damage to the *M/T Fairchem Filly* requiring necessary repairs, cargo loss and/or damage, delay, loss of use, demurrage, and other economic loss and expenses.

## CLAIMS

### NEGLIGENCE UNDER GENERAL MARITIME LAW

11.     Vopak owed the *M/T Fairchem Filly* and its interests a legal duty under the general maritime law to reasonably and competently perform the shore-side supply of nitrogen for the cargo discharge operation. Vopak breached this duty by failing to provide the nitrogen at blanketing pressure as it indicated on several pre-cargo operation checklists, failing to use all available means to avoid the risk of releasing nitrogen at purging pressure, failing to provide the vessel with Vopak's Nitrogen Supply Acknowledgement form, and other acts of negligence

which will be shown more particularly at trial. These acts and omissions on the part of Vopak caused damage to HSL and Fleet.

### BREACH OF EXPRESS AND IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE

12. Vopak failed to provide terminal services in a good and workmanlike manner. Vopak's PICs performed incompetently, failed to ensure that the nitrogen supply from shore was provided at the agreed-upon blanket pressure, and caused damage to the vessel equipment, which had to be repaired by a third-party vendor at additional cost to HSL and Fleet, and which also led to cargo damage, delays and loss of hire. As such, Vopak breached the express and implied warranty of workmanlike performance and should be liable for all reasonable direct and consequential damages that flowed from its breach.

### CONTRIBUTION UNDER THE GENERAL MARITIME LAW

13. As a result of Vopak's acts, omissions, and breaches of warranty, the cargo aboard the *M/T Fairchem Filly* was damaged resulting in claims against vessel interests. By including all potentially liable third-parties in a release with cargo interests—even though none of them contributed to the settlement—Plaintiffs preserved their common-law right to contribution under the general maritime law. Specifically, in *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, the U.S. Fifth Circuit held that a settling tortfeasor may bring an action for contribution when it obtains, as part of its settlement with the claimant, a full release for all parties. 615 F.3d 599, 603 (5th Cir. 2010).

14. In order to bring a claim for contribution against the non-settling tortfeasors, the settling tortfeasor must have (1) paid more than it owes to the claimant, and (2) have discharged the claimant's entire claim. *Id.*

15. In this case, Vopak over-pressurized the cargo tanks of the *M/T Fairchem Filly* causing damage to the subject cargo. Cargo interests asserted claims against the *M/T Fairchem Filly* interests for the loss/damage to the product. These were admiralty/maritime claims for which a full-and-final settlement and release was obtained that extinguished all claims that could be made by, through or under those entities. Therefore, Plaintiffs are entitled to recover in contribution against Vopak.

## DAMAGES

16. As a result of Vopak's negligence and/or breach of express and implied warranty of workmanlike performance, Plaintiffs have sustained damages in excess of $2,483,244.22 representing the cost of repairs, loss of hire, surveying costs, additional operating costs, cargo loss and/or contribution, and interest which remain unpaid and continue to accrue as of the filing of this suit.

## PRAYER FOR RELIEF

For these reasons, Plaintiffs, HSL Filly Shipping Limited and Fleet Management Limited, pray that this Honorable Court:

a. deems this Original Complaint good and sufficient;

b. issue process in due form of law, according to the rules and practices of this Court, against Vopak Terminal—Deer Park, Inc.; and,

c. after due proceedings, enter judgment against Vopak Terminal—Deer Park, Inc. for the amount of Plaintiffs' claim including prejudgment interest, post-judgment interest, court costs, and all other relief as justice and equity allow.

Respectfully submitted,

*/s/ James T. Bailey*

Robert L. Klawetter
Federal I.D. No. 2471
State Bar No. 11554700
klawetter@easthamlaw.com
James T. Bailey
Federal I.D. No. 30347
State Bar No. 24031711
bailey@easthamlaw.com
Cameron A. Hatzel
Federal I.D. 1128943
State Bar No. 24074373
hatzel@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*Attorneys for Plaintiffs,*
*HSL Filly Shipping Limited and*
*Fleet Management Limited*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.