IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HSL FILLY SHIPPING LIMITED; and, FLEET MANAGEMENT LIMITED | § § § | |
| *Plaintiffs*, | § § | C.A. No. 4:22-CV-00066 |
| v. | § § | Admiralty - FED. R. CIV. P. 9(h) |
| VOPAK TERMINAL—DEER PARK, INC. | § § § | |
| *Defendant*. | § | |

### DEFENDANT VOPAK TERMINAL – DEER PARK, INC.'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Vopak Terminal – Deer Park, Inc. ("Vopak"), pleading and preserving defenses pursuant to Federal Rule of Civil Procedure 12(b)(1-7), and files its: (1) Answer to Plaintiffs' HSL Filly Shipping Limited, and Fleet Management Limited ("Plaintiffs") Original Complaint, and (2) Counterclaim against Plaintiffs. In support thereof, Vopak respectfully shows as follows:

### VOPAK'S ANSWER

#### First Defense

Plaintiffs' Original Complaint fails to state a claim upon which relief may be granted against Vopak under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

#### Second Defense

Subject to and without waiving any other defenses, Vopak answers the specific allegations of Plaintiffs' Complaint in correspondingly numbered sections and paragraphs as follows:

1

1. Vopak admits the jurisdictional allegations in Paragraph 1. Vopak furthermore invokes Paragraph 6 of the Terms and Conditions for Terminal Berth Occupancy and Usage ("Berthing Agreement"), which is binding on both Vopak and Plaintiffs, and by which both parties agreed to litigate this matter in the United States District Court for the Southern District of Texas, Houston Division with the application of the general maritime law of the United States.

2. Vopak admits the allegations of Paragraph 2.

3. Vopak can neither admit nor deny the allegations in Paragraph 3 due to an absence of knowledge regarding said allegations.

4. Vopak can neither admit nor deny the allegations in Paragraph 4 due to an absence of knowledge regarding said allegations.

5. Vopak admits the allegations in Paragraph 5.

6. Vopak admits the allegations in Paragraph 6 except for the characterization of the nitrogen as a "blanket" or "pad."

7. Of the allegations in Paragraph 7, Vopak admits that a Ship/Shore Safety Checklist was completed prior to cargo operations during a "key meeting". The remaining allegations are denied.

8. Of the allegations in Paragraph 8, Vopak admits that vessel and terminal personnel completed a Declaration of Inspection. The remaining allegations are denied.

9. Of the allegations in Paragraph 9, Vopak denies all the allegations but for the allegation that the vessel's "cargo tanks 3P and 3S became over-pressurized" and both parties ceased cargo operations. Vopak affirmatively alleges that it was Plaintiffs' duty and obligation to control the flow and flow rate of nitrogen to its vessel's cargo tanks.

10. Of the allegations in Paragraph 10, Vopak admits that Plaintiffs sustained physical damage to their vessel.

11. Vopak denies the allegations in Paragraph 11.

12. Vopak denies the allegations in Paragraph 12

13. Vopak denies the allegations in Paragraph 13

14. Vopak avers that Paragraph 14 of the Complaint does not contain any factual allegations but instead contains statements of law, which do not require a response from Vopak; however, out of an abundance of caution if it is deemed that a responsive pleading is necessary the allegations are denied.

15. Vopak denies the allegations in Paragraph 15.

16. Vopak denies the allegations in Paragraph 16.

17. Vopak denies the allegations in Plaintiffs Prayer for Relief, including its subparagraphs (a)-(c).

### Third Defense

Vopak denies that it breached any tort or contractual duty to Plaintiffs, which proximately caused the damages alleged to have been sustained by Plaintiffs.

### Fourth Defense

The conduct of Plaintiffs was the sole proximate cause of the alleged damages they sustained.

### Fifth Defense

Plaintiffs were contributorily negligent, and said contributory negligence was a proximate cause of the alleged damages sustained.

**Sixth Defense**

Plaintiffs' negligence following the start of the nitrogen flow was egregious and unforeseeable to Vopak and, therefore, constitutes an intervening, superseding cause of the alleged damages sustained by Plaintiffs.

**Seventh Defense**

Plaintiffs failed to mitigate their damages.

**Eighth Defense**

The rights and duties between Vopak and Plaintiffs are stated in the Berthing Agreement and, pursuant to that agreement, Plaintiffs had complete responsibility for the safety and operation of their vessel.

**Ninth Defense**

Plaintiffs' claim for contribution is legally barred by the terms and conditions of: (1) the underlying Terminaling Agreement between Vopak and the cargo interests with whom Plaintiffs allegedly settled, and (2) the Berthing Agreement under which Plaintiffs agreed to defend and indemnify Vopak against all claims brought against Vopak related to the vessel's utilizing the terminal services. The Terminaling Agreement provides Vopak a complete defense against the cargo claim allegedly settled by Plaintiffs and Plaintiffs, now subrogated, cannot acquire more rights than the cargo owner possessed.

**Tenth Defense**

Plaintiffs failed to exercise reasonable care and/or due diligence under the circumstances.

**Eleventh Defense**

Plaintiffs failed to meet industry standards regarding regulating nitrogen pressures supplied to a vessel by shore terminal.

## VOPAK'S COUNTERCLAIM AGAINST THE PLAINTIFFS

### Jurisdiction and Venue

1. The jurisdiction and venue facts asserted by Plaintiffs in their Original Complaint and as modified by Vopak pertain to Vopak's Counterclaim against Plaintiffs, are incorporated by reference, and therefore need not be restated here.

### Facts

2. Vopak is the owner/operator of a chemical loading terminal and ship mooring berth in Deer Park, Texas, at which chemical tankers load and discharge cargos and where wharfage is provided for loading/unloading.

3. Prior to docking at Vopak's Ship Dock No. 5, Plaintiffs had constructive notice of the terms and conditions of Vopak's Berthing Agreement, which are binding on Plaintiffs.

4. On or about May 30, 2019, the M/T FAIRCHEM FILLY, while berthed at Vopak's Ship Dock No. 5 in Deer Park, Texas, intended to discharge Hexene cargo from its No. 3P cargo tank to Vopak's shore tank No. 790.

5. The Berthing Agreement at Paragraph 4, <u>Time Limit for Berth Occupancy</u>, established a penalty rate of $5,000.00 per hour for the time spent by the vessel at the dock beyond the agreed time "caused by any other marine casualty involving the vessel that disrupts cargo operations…"

6. The FAIRCHEM FILLY spent 96 hours and 46 minutes at the dock beyond the agreed time. and, therefore, Plaintiffs owe Vopak $468,833.33.  This delay was not due to the negligence or fault of Vopak.

7. A terminal's "dead berth" rate of $5,000.00 has been found to be reasonable and enforceable in this District and others.

8. Vopak is entitled to the maritime lien under the Federal Maritime Lien, Act, 46 U.S.C. § 31342, for its dead berth fee.

9. The Berthing Agreement also provides that Plaintiffs will defend and indemnify Vopak against claims arising from Plaintiff's operations at Vopak.

10. The Hexene was owned by Sasol, Inc. ("Sasol") who leased shore tank No. 790 pursuant to Terminaling Agreement NR. 50212-1 ("Agreement").

11. The rights and duties between Vopak and Sasol regarding damage and/or loss to the Hexene are governed by the Terminaling Agreement. The Terminaling Agreement provides that: (a) delivery of the Hexene by Sasol to Vopak occurred when the Hexene passed the connecting flange between the vessel and Vopak, and (b) Vopak is not liable for damage or loss of the Hexene before it was delivered to Vopak. The damage and loss of the Hexene occurred before its delivery.

**Dead Berth Claim**

12. Vopak incorporates its responses to Paragraphs 1 through 11 of the Counterclaim by reference as if fully asserted herein.

13. A person providing necessaries to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on the vessel. 46 U.S.C. § 31342. The charges claimed must be reasonable in amount. *Belcher Co. of Ala. v. MIV Martha Mariner*, 724 F.2d 1161, 1164 (5th Cir. 1984).

14. The dead berth fee represents a charge for Vopak's interruption of its business due to the delay in the departure of the FAIRCHEM FILLY.

15. A "rental charge" for the unexpectedly prolonged occupation of a loading facility can provide the basis for a maritime lien.

16. Plaintiffs owe Vopak $468,833.33 in dead berth fees.

17. Vopak has a lien over the FAIRCHEM FILLY for the full amount of its claim, and is entitled to have the Vessel seized and sold, and further to have the charges paid in preference and priority to other claims.

18. Plaintiffs breached the Berthing Agreement by failing to pay the penalty fee of $468,833.33.

19. Plaintiffs have also breached the Berthing Agreement by failing to defend and indemnify Vopak against the cargo claim of Sasol.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Vopak, as Defendant and Counterclaimant, respectfully requests that Plaintiff take nothing from Vopak by way of this suit, that Plaintiff bear all costs therefrom, that judgment be entered for Vopak in the amount of $468,833.33, and for such other and further relief to which Vopak may show itself justly entitled.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

*/s/ Thomas R. Nork*
Thomas R. Nork
Fed. Id No. 12690
Texas Bar No. 15078500
tom.nork@hfw.com
5151 San Felipe, Suite 400
Houston, TX 77056
Telephone: (713) 917-0888
Facsimile:  (713) 953-9470
**ATTORNEY IN CHARGE FOR DEFENDANT, VOPAK TERMINAL – DEER PARK, INC.**

**OF COUNSEL:**
**Holman Fenwick Willan USA LLP**
Alejandro Mendez-Roman
Fed Id No. 2295449
Texas Bar No. 24102778
alex.mendez@hfw.com
5151 San Felipe, Suite 400
Houston, TX 77056
Telephone: (713) 917-0888
Facsimile:  (713) 953-9470

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service who are listed below are being served with a copy of this document on January 28, 2022 via the Court's CM/ECF system per S.D. Tex. Loc. R. LR5.1 which was filed electronically with the United States District Court for the Southern District of Texas, Houston Division, with notice served via e-file:

/s/ *Thomas R. Nork*
Thomas R. Nork