IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HSL FILLY SHIPPING LIMITED; and, <br> FLEET MANAGEMENT LIMITED <br> <br> v. <br> <br> VOPAK TERMINAL—DEER PARK, INC. | § <br> § <br> § <br> § <br> § <br> § | <br> <br> C.A. No. 4:22-CV-00066 <br> Admiralty - Fed. R. Civ. P. 9(h) |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiffs, HSL Filly Shipping Limited and Fleet Management Limited ("Plaintiffs") and Defendant, Vopak Terminal—Deer Park, Inc. ("Vopak"), file their Joint Discovery/Case Management Plan as follows:

**1.  State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

The following participated in the Rule 26(f) conference via e-mail correspondence and/or telephone conferences beginning on April 26, 2022:

Counsel for Plaintiffs
James T. Bailey
Federal ID No. 30347
State Bar No. 24031711
Schouest, Bamdas, Soshea, BenMair & Eastham, PLLC
1001 McKinney, Suite 1400
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile:  (713) 574-2942
bailey@sbsb-eastham.com

Counsel for Vopak
Alejandro Mendez-Roman
Federal Id No. 2295449
Texas Bar No. 24102778
Holman Fenwick Willan USA LLP
5151 San Felipe, Suite 400
Houston, TX 77056
Telephone: (713) 917-0888
Facsimile: (713) 953-9470
alex.mendez@hfw.com

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   Not applicable.

3. **Briefly describe what this case is about.**

   Plaintiffs' claims arise out of the over-pressurization of its cargo tank as it was discharging Hexene at Vopak Terminal.

   Vopak has asserted a counter-claim against Plaintiffs for a "dead berth" penalty as a result of the over-pressurization incident.

4. **Specify the allegation of federal jurisdiction.**

   This Court has admiralty jurisdiction under 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Alternatively, this Court has jurisdiction under 28 U.S.C. § 1332(a)(2).

5. **Name the parties who disagree with the Plaintiff's jurisdictional allegations and state their reasons.**

   Not applicable.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None anticipated.

7. **List anticipated interventions.**

   Not applicable.

**8.**     **Describe class−action issues.**

None.

**9.**     **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties agree to make their Initial Disclosures on or before May 16, 2022.

**10.**     **Describe the proposed agreed discovery plan, including:**

    **a.**     **responses to all the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery;**

    No changes. See No. 9 above.

    **b.**     **when and to whom the plaintiff anticipates it may send interrogatories;**

    Plaintiffs intend to propound written discovery to Vopak within thirty (30) days of the parties' Rule 26(f) conference.

    **c.**     **when and to whom the defendant anticipates it may send interrogatories;**

    Vopak intends to propound written discovery to Plaintiffs within thirty (30) days of the parties' Rule 26(f) conference.

    **d.**     **of whom and by when the plaintiff anticipates taking oral depositions;**

    Plaintiffs anticipate taking the depositions of all persons who witnessed the incident in question and/or have knowledge of the relevant facts and circumstances surrounding the incident in question, and those persons listed by Vopak as having knowledge of relevant facts. Plaintiffs may also depose their experts (to preserve testimony) and the experts to be designated by Vopak. Plaintiffs anticipate this should be completed by the end of February 2023.

    **e.**     **of whom and by when the defendant anticipates taking oral depositions;**

    Vopak anticipates taking the depositions of all persons who witnessed the incident in question and/or have knowledge of the relevant facts and circumstances surrounding the incident in question, and those persons listed by Plaintiffs as having knowledge of relevant facts. Vopak may also depose its experts (to preserve testimony) and the experts to be designated by Plaintiffs. Vopak anticipate this should be completed by the end of February 2023.

 **f.**   **(i) the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;**

Plaintiffs anticipate being able to designate experts and produce expert reports by the end of December, 2022.

   **(ii) the date experts for defendant will be designated and their reports provided to opposing party;**

Vopak should be able to designate experts and produce expert reports 30 days after it receives the reports of Plaintiffs' expert disclosures.

 **g.**   **list of expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date (*see* Rule 26(a)(2)(B) (expert report)); and**

Plaintiffs anticipate deposing their experts (to preserve testimony) and the experts to be designated by Vopak. These depositions can be completed by the end of February 2023.

 **h.**   **list of expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date (*see* Rule26(a)(2)(B) (export report)).**

Vopak anticipates deposing its experts (to preserve testimony) and the experts to be designated by Plaintiffs. These depositions can be completed by the end of February 2023.

**11.**   **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable at this time.

**12.**   **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have informally exchanged relevant documentation following the incident. The terminal and the vessel also were jointly inspected by the parties.

**13.**   **State the date the planned discovery can reasonably be completed.**

Including discovery of each parties' experts, the parties anticipate that they can complete all discovery by the end of March 2023.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties have conducted informal negotiations and attended pre-trial mediation, which were unsuccessful.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

    The parties have conducted informal negotiations and attended pre-trial mediation, which were unsuccessful.  The parties are at an impasse and proceeded with this litigation.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

    Voluntary settlement negotiations and pre-trial mediation have failed.  Perhaps after some formal discovery is conducted, the case may be suitable for a settlement conference with the magistrate.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to trial before a magistrate at this time.

18. **State whether a jury demand has been made and if it was made on time.**

    Not applicable.  This case will be tried to the court sitting in admiralty.

19. **Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

    The parties anticipate that it will take two (2) days to try this matter to the court sitting in admiralty.

20. **List pending motions that could be ruled on at the initial pretrial conference.**

    Not applicable.

21. **List other motions pending.**

    Not applicable at this time.

22. **Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues that deserve the special attention of the court at the conference.**

    The parties will work diligently to complete the discovery outlined in this plan within the timelines provided.  However, to the extent Vopak intends to depose any officers and/or crew of the *Fairchem Filly*, they are foreign seafarers, which may delay scheduling of depositions due to the location and limited availability of the witnesses.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Plaintiffs filed their Certificate of Interested Parties on January 25, 2022.

    Vopak filed its Certificate of Interested Partied on January 14, 2022.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

    Please see signature blocks below.

                                        Respectfully submitted,

                                        */s/ James T. Bailey*
                                        Robert L. Klawetter
                                        Fed. I.D. No. 2471
                                        State Bar No. 11554700
                                        rklawetter@sbsb-eastham.com
                                        James T. Bailey
                                        Federal I.D. No. 30347
                                        State Bar No. 24031711
                                        jbailey@sbsb-eastham.com
                                        1001 McKinney Street, Suite 1400
                                        Houston, Texas  77002
                                        Telephone: (713) 225-0905
                                        Facsimile:  (713) 574-2942

                                        *Attorneys for Plaintiffs*

OF COUNSEL:

SCHOUEST, BAMDAS, SOSHEA, BENMAIR & EASTHAM, PLLC

                                               /s/ *Thomas R. Nork*   *
                                               Thomas R. Nork
                                               Fed. Id No. 12690
                                               Texas Bar No. 15078500
                                               tom.nork@hfw.com
                                               Alejandro Mendez-Roman
                                               Fed Id No. 2295449
                                               Texas Bar No. 24102778
                                               alex.mendez@hfw.com
                                               5151 San Felipe, Suite 400
                                               Houston, TX 77056
                                               Telephone: (713) 917-0888

                                               *Attorneys for Defendant*

* Signed for permission.

OF COUNSEL:

HOLMAN, FENWICK WILLAN USA LLP

## CERTIFICATE OF SERVICE

      I certify that I filed the foregoing Joint Discovery/Case Management Plan on **May 6, 2022**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Houston Division.

                                               /s/ *James T. Bailey*
                                                   James T. Bailey